UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AJUNAY GRAYSON

            Plaintiff,

v.

CHRISTOPHE LE CAILLEC, and
AMERICAN EXPRESS NATIONAL
BANK,

            Defendants.

Case No. 3:24-cv-01082-AR

**ORDER TO AMEND**

**ARMISTEAD, Magistrate Judge**

    Plaintiff Ajunay Grayson, a self-represented litigant, filed this lawsuit on July 3, 2024, after defendants Christophe Le Caillec and American Express National Bank (collectively, American Express) denied an American Express Gold Card application. Grayson also seeks to proceed *in forma pauperis*. As explained below, Grayson's complaint is deficient in several respects. To avoid dismissal of his lawsuit, Grayson must file an amended complaint correcting these deficiencies.

Page  1  – ORDER TO AMEND

## BACKGROUND

The relevant events occurred in 2024. On May 9, American Express denied Grayson's application for an American Express Gold Card with an $80,000 credit line. On May 13, Grayson wrote to American Express disputing the denial, contending that they entered a consumer credit transaction with Grayson when they "ran my social security number." According to Grayson, American Express made a finance charge, they received funds, and that "as the individual crediting you, [Grayson] should lawfully have access to the credit extension for which I am applying." In Grayson's view, the application was securitized and withholding access constitutes "security fraud." Grayson sent a letter to Christophe Le Caillec, American Express's chief financial officer, entitled "Notice of Claim to Interest – 3rd Attempt / Default Judgement." In that letter, Grayson disputed the denial and informed defendants that they were violating various federal laws. Grayson also tendered a payment to the "Principal's Account/Reference #20241306013443 USD" and instructed Le Caillec to apply it toward the account. On May 23, American Express sent Grayson a letter stating that they were abiding by their initial decision to deny the credit card application. (Compl., ECF No. 1 at 7, 12, 18, 22.)

In this lawsuit, Grayson contends that defendants breached their contract with Grayson when they denied her application. As relief, Grayson asks the court to "rectify the error of [the] denied application," and require them to approve her application with an $80,000 credit line. On the Civil Cover Sheet, Grayson indicates the basis for the court's jurisdiction is diversity. (Compl. at 4 & Ex. 1, ECF No. 1-1.)

\\\\\
\\\\\

## LEGAL STANDARD

The court screens cases when a plaintiff is proceeding without prepayment of fees based on an inability to pay them—that is, in forma pauperis. For in forma pauperis cases, Congress directs that "the court shall dismiss the case at any time if the court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The court's screening obligation includes determining whether there are claims capable of being tried by this court, or in other words, are cognizable claims.[1]

The court is generous in construing the pleadings of self-represented plaintiffs, giving the plaintiff the benefit of doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Self-represented plaintiffs are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (per curiam). "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

\\\\\

\\\\\

## DISCUSSION

---

[1] *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for in forma pauperis status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

Page  3  – ORDER TO AMEND

A.  *Sufficiency of Complaint*

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a self-represented plaintiff, the court liberally construes the pleadings and accepts as true the factual allegations contained in the complaint. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, stating a claim requires the plaintiff to plead factual content that permits the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

*Breach of Contract:*    Under Oregon law, to properly allege a breach of contract claim, Grayson must plead and prove: (1) an existing contract, (2) its relevant terms, (3) Grayson's full performance and lack of breach, and (4) American Express's breach resulting in Grayson's damages. *Slover v. Or. State Bd. of Clinical Social Workers*, 144 Or. App. 565, 1101-02 (1996) (stating elements for breach of contract claim).

Based on the information provided with Grayson's complaint, Grayson applied for an American Express credit card and was denied based on a low FICO score. As currently alleged, Grayson's complaint fails to provide enough detail to establish that a contract between Grayson and American Express exists, what essential contractual provisions were breached, or how American Express caused $80,000 in damages by denying the credit card application. As presently alleged, Grayson fails to sufficiently state a plausible breach of contract claim as required under Rule 8. *See Dalicer v. Am. Express*, Case No. 1:24-cv-196, 2024 WL 1538441, at

Page 4 – ORDER TO AMEND

*3 (M.D. Pa. Mar. 6), *adopted*, 2024 WL 2979723 (May 8, 2024) (dismissing breach of contract claim premised on American Express's denial of credit card application because plaintiff alleged no facts showing parties entered valid contract); *see also Smith v. Palasades Collection, Inc.*, Case No. 1:07-cv-176, 2007 WL 1039198, at *6 (N.D. Ohio Apr. 3, 2017) (describing credit card relationship is an offer by a credit card company for "a series of unilateral contracts which are actually formed when the [credit card] holder uses the credit card to buy goods or services or to obtain cash").

Grayson's complaint also lists several federal statutes as bases for the lawsuit, including the Truth in Lending Act (TILA), 15 U.S.C. §§ 1602, 1605; the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691; the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681[2]; and the Uniform Commercial Code, UCC 3-202,6. As explained below, Grayson's complaint fails to allege any facts under those various statutes that comply with Rule 8's basic requirements.

*TILA:*   TILA is a consumer protection statute that aims to "avoid the uninformed use of credit." 15 U.S.C. § 1601(a). The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635 & 1638). "TILA generally governs the disclosures a lender must provide to a borrower during the loan origination process." *Davis v. Murray Mortg.*, Case No. EDCV 19-00732-CJC (RAOx), 2019 WL 13077328, at *2 (C.D. Cal. June 10, 2019).

The complaint identifies § 1602, which provides several statutory definitions, and § 1605, which defines a "finance charge." 15 U.S.C. §§ 1602, 1605. Grayson, does not, however,

---

[2]   Grayson identifies FCRA by name and accessing credit reports, yet cites to 12 U.S.C. § 412, relating to Federal Reserve Banks. The FCRA may be found at 15 U.S.C. § 1681 *et seq.*

identify a specific provision of the TILA under which relief is sought and fails to explain how Le Caillec's and American Express's conduct violated the TILA. Grayson also does not allege what TILA-required disclosures they failed to provide. Because Grayson has failed to state a plausible claim under the TILA, the complaint must be amended for any TILA-based claim to proceed. *See King v. Van Tuyl*, Case No. CV-14-00047-PHX-BSB, 2014 WL 12769272, at *1 (D. Ariz. Mar. 11, 2014) (dismissing TILA claims as conclusory).

     *ECOA:*    The ECOA prohibits discrimination by any creditor against an applicant based on race, color, religion, national origin, sex, marital status, age, receipt of public assistance, or has "exercised any right under this chapter." 15 U.S.C. § 1691(a)(1)-(3). *Brothers v. First Leasing*, 724 F.2d 789, 791 (9th Cir. 1984). "It applies to all credit transactions between creditors and applicants and precludes creditors from (1) discriminating against applicants based on their membership in a protected class, or (2) failing to notify applicants of an adverse action in accordance with the statutory requirements of the ECOA." *Nia v. Bank of Am., N.A.*, 603 F. Supp. 3d 894, 900 (S.D. Cal. 2022) (citing 15 U.S.C. § 1691(d)). To state a plausible ECOA discrimination claim, a plaintiff must allege that: (1) he is a member of a protected class; (2) he applied for credit from defendants; and (3) he was denied credit based on his protected status. *Egbukichi v. Wells Fargo Bank, NA*, 184 F. Supp. 3d 971, 980 (D. Or. 2016). "Facts that might plausibly suggest that the denial of credit was because of or on the basis of an applicant's protected status may include: (1) that the applicant was qualified to receive credit and was denied credit despite being qualified; (2) facts demonstrating discriminatory animus or treatment by the defendant; or (3) that persons not within the protected class were granted extensions of credit by the defendant." *Id.*

     In the complaint, Grayson alleges no facts asserting that American Express denied the

credit card application based on membership in a protected class. Also absent are any facts that plausibly suggest Grayson was qualified to receive credit or any facts from which the court can infer that American Express acted with discriminatory animus. Because such factual allegations are lacking, Grayson fails to satisfy Rule 8 and fails state a plausible ECOA discrimination claim.

*FCRA:* The FCRA is a consumer protection statute that aims "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA holds credit reporting agencies (CRAs) responsible for providing accurate consumer information and imposes duties on the "furnishers" who provide that information to CRAs. 15 U.S.C. §§ 1681(b), 1681s-2(a)(3). The act expressly creates a private right of action for willful or negligent noncompliance with its requirements. *Gorman v. Wolpoff & Abramson*, 584 F.3d 1147, 1154 (9th Cir. 2009) (citing 15 U.S.C. §§ 1681n, 1681o).

A claim under FCRA is insufficiently pleaded here. Grayson does not allege that defendants are CRAs or furnishers of information. Grayson also does not allege that any information in the credit report is disputed or that the information American Express obtained or provided was inaccurate. Thus, Grayson's allegations fail to satisfy Rule 8, and fail to state a plausible FCRA claim. *Yentz v. Nat'l Credit Adjusters, LLC*, Case No. 3:20-cv-01364-AC, 2021 WL 1277961, at *4 (D. Or. Feb. 15), *adopted* 2021 WL 1270457 (Apr. 6, 2021) (holding plaintiff failed to state FRCA claim and dismissing action).

*UCC 3-202,6:* Oregon codified Article 3 of the UCC at ORS § 73.0104. Article 3 is intended to establish clear, practical rules for negotiable instruments. *State es rel. Bus. Dev. Dep't v. Huttenbauer*, 301 Or. App. 340, 341 & n.1 (2019). Grayson does not identify any

specific statutory provision that American Express allegedly violated, how that provision was violated, or what negotiable instrument is at issue in this lawsuit. As currently pleaded, Grayson's allegations fail to satisfy Rule 8 and fail to state any plausible claim under ORS chapter 73.

In sum, if Grayson intends to proceed with a breach of contract claim, or claims under TILA, ECOA, FCRA, or ORS chapter 73, an amended complaint must be filed. In its current form, Grayson's complaint does not allege sufficient facts to comply with Rule 8. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (noting that Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them"). Failing to file an amended complaint with sufficient factual detail may result in the court recommending dismissal of this lawsuit.

### B.    *Subject Matter Jurisdiction*

The United States Constitution and federal law allow only certain kinds of cases in federal court. That limited authority of a federal court is known as its **subject matter jurisdiction**, and, if a federal court does not have subject matter jurisdiction for a case, the court must dismiss it (in other words, put the case out of its consideration). *See Adkison v. C.I.R.*, 592 F.3d 1050, 1055 (9th Cir. 2010) (subject matter jurisdiction "refers to a tribunal's power to hear a case"). The two kinds of cases for which a federal court has jurisdiction are (1) "federal question" cases and (2) "diversity of citizenship" cases. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This limited jurisdiction is different from Oregon circuit courts, which have subject matter jurisdiction over all actions unless a statute or law divests them of jurisdiction. *Owen v. City of Portland*, 368 Or. 661, 684 (2021) ("Oregon circuit courts 'ha[ve] general jurisdiction, to be defined, limited, and regulated by law in accordance with th[e Oregon] Constitution.' Or Const, Art VII (Original), § 1.").

To establish **federal question jurisdiction**, a plaintiff must plead that defendants have violated a **federal constitutional** or **statutory provision**. 28 U.S.C. § 1331; *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (The "party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Grayson lists several federal statutes that may provide the court with federal question jurisdiction, including TILA, ECOA, and FCRA. As discussed above, however, as currently pleaded, Grayson's allegations do not contain enough facts to satisfy Rule 8. Consequently, the court does not have federal question jurisdiction under any federal law. Should Grayson choose to file an amended complaint and assert federal question jurisdiction, Grayson must include specific, plausible allegations showing that American Express violated the TILA, ECOA, or FCRA.

To establish **diversity jurisdiction**, a plaintiff must plausibly allege that **damages are more than $75,000, that he is a citizen of one state, and that all the defendants are citizens of other states**. 28 U.S.C. § 1332(a). Grayson alleges diversity jurisdiction exists because Grayson is an Oregon citizen, American Express is a Utah citizen, and that American Express caused $80,000 in damages. As noted above, Grayson's claim for breach of contract fails to include enough facts to plausibly show that the alleged damages resulted from American Express's actions. As currently pleaded, therefore, diversity jurisdiction is lacking. Because damages must exceed $75,000 for this court to have diversity jurisdiction, should Grayson choose to file an amended complaint and assert diversity jurisdiction, factual allegations must be included that plausibly show American Express caused more than $75,000 in damages.

## CONCLUSION

For Grayson to proceed further, an AMENDED COMPLAINT that provides enough factual detail to support the claims as required by Federal Rule of Civil Procedure 8(a)(2) and

that this court has either federal question or diversity jurisdiction must be filed within 30 days – or **August 16, 2024.** Failure to respond to this Order by August 16, 2024, may mean that the court will recommend dismissing this case. The court DEFERS ruling on Grayson's application for IFP status.

      DATED: July 16, 2024.

                                                                               _____
                                                                                             JEFF ARMISTEAD
                                                                          United States Magistrate Judge